## Jones and Another *v.* Myers and Others.

A second mortgagee, before forfeiture, filed a bill in chancery against the first mortgagee to compel him to surrender his mortgage, alleging that it had been paid. The bill did not show that the complainant was injured or was likely to be injured by the alleged incumbrance. *Held*, on demurrer, that the bill could not be sustained.

ERROR to the *Fayette* Circuit Court.

SULLIVAN, J.—This bill was filed by the complainants as the second mortgagees of a tract of land, and the object of it was to compel the first mortgagee to deliver up his mortgage to be cancelled and for an injunction. The bill states that in the year 1833, one *John Conner* being indebted to the defendant, *Myers*, in the sum of 103 dollars, mortgaged to him as a security for said debt about eight acres of land, situate in the south half of the north-east quarter of section 22 in township 13 and range 12 east; that, afterwards, *John Conner* conveyed the same land in fee to *Wilson Conner* and *James M. Conner* for a valuable consideration; that *Wilson Conner* and *James M. Conner*, being indebted to the complainants in a large sum of money, did, on the 10th of *June*, 1841, mortgage said tract of land to them, the condition of which was that if said *W.* and *J. M. Conner* should pay to the complainants the debt they owed them, within three years from the date of said deed, it should be void. The bill then alleges that the debt to *Myers*, which the first mortgage was intended to secure, has been fully paid, notwithstanding which *Myers* refuses to surrender or yield up said mortgage, but holds on to it, denying the payment, and threatens to file a bill to foreclose the same, &c. The prayer of the bill is to compel a surrender of the first mortgage, and to enjoin *Myers* from proceeding to foreclose. *Myers, Wilson Conner,* and *James M. Conner,* are made defendants to the bill. The defendants demurred. The Court sustained the demurrer and dismissed the bill.

The Court did not err in sustaining the demurrer. This bill was filed in *February,* 1842, more than two years before the complainants' debt became due, and they have not shown that they were injured or likely to be injured by the alleged incumbrance. If they had shown that the existence of *Myers'* mortgage was a prejudice to their security, rendering it less valuable, as, for example, that the land mortgaged was not sufficient to pay both debts; or that the whole was but a slender or doubtful security for their debt, and that while the first mortgage remained unsatisfied, they could not make their security available for the full amount, their case would have been entitled to much consideration. But as it is, we do not perceive but that they have ample security for their

May Term,
1845.

JONES
v.
MYERS.

Monday,
May 26.

May Term,
1845.

debt irrespective of the mortgage to *Myers*, and are in no danger of being injured. The complainants, then, have shown no reason for this application, and the bill was properly dismissed. On bill filed after forfeiture, the Court will decree between the mortgagees according to their respective interests.

*Per Curiam.*—The decree is affirmed with costs.

*C. B. Smith*, for the plaintiffs.

*S. W. Parker*, for the defendants.