## FRANCIS and Another *v.* PORTER.

A mortgage, held as an indemnity, can not be foreclosed until the mortgagee has had something to pay, or has otherwise been injured.

Bill by *A.* against *B.* and *C.* to foreclose a mortgage. The bill stated that in 1841, *A.* owned two tracts of land, which he had mortgaged to the state to secure the repayment of a loan of 500 dollars from the sinking fund; that he sold and conveyed one of the tracts to *B.* and that *B.* agreed to pay 500 dollars of the purchase-money, by satisfying said mortgage, and especially by releasing the tract retained by *A.* from the incumbrance; that instead of paying off the mortgage, *B.* allowed the lands to be forfeited and to be sold by the state, became the purchaser, and took a certificate in the name of *C.*; that afterward they executed to *A.* their joint mortgage of the tract previously sold by *A.* to *B.*, which recited the foregoing facts, and that by the terms of the sale by the commissioners of the sinking fund, the money would not all be due until the 15th day of *August*, 1849, and that it was given to secure to *A.* the payment of said mortgage to the state, or of releasing and discharging *A.'s* tract from it and the effect of said sale. The condition corresponded with said recitals, but fixed no time for the payment of the debt due to the state. Averment, that the debt to the state was still unpaid, and that *B.* and *C.* had not released *A.'s* tract from the mortgage, nor from the effect of said sale, and that *A.* was in danger of losing his land. Prayer for foreclosure, a sale of the land, and that the certificate of purchase of *A.'s* tract might be assigned to him or that the tract might be otherwise conveyed, &c. Decree *pro confesso*, upon a default, requiring *B.* and *C.*, within ninety days, to pay the mortgage debt to the state, and convey to *A.* the tract owned by him, or to pay into the clerk's office 400 dollars for *A.'s* use, which the Court found to be the value of that tract; and that, in default thereof, both tracts be sold, subject to the mortgage to the state, and the proceeds paid to *A.*; and that on such sale being made, *C.* should assign to the purchaser the sinking fund certificate held by him.

Nov. Term,
1855.

FRANCIS
v.
PORTER.

*Held*, that the mortgage of *B.* and *C.* to *A.* was simply an indemnity to *A.* to protect his land against the claim of the state.

*Held*, also, (there being no allegation that the interest on the mortgage had been left to accumulate unpaid, nor that *A.* was likely to be disturbed in his possession or put to expense or trouble) that the bill was filed prematurely.

*Held*, also, that the statement in the bill that *A.* was in danger of losing his land, was negatived by the statement that the tract sold to *B.* was valued at 1,000 dollars, because the commissioners of the sinking fund, upon being notified of *A.'s* equity, would be compelled to sell that tract first, and, upon a refusal, equity would interfere at *A.'s* instance.

*Held*, also, that had the bill shown a proper case for relief, on the ground that *A.* stood in the relation of a surety, and was liable to suffer for a default of *B.* and *C.*, the commissioners of the sinking fund should have been parties.

*Held*, also, that it was unnecessary to decree a conveyance of *A.'s* land to himself, or an assignment of the certificate, *C.* being estopped by the recitals in the mortgage to *A.* from claiming anything under his purchase.

*Held*, also, that said recitals operated to cancel the certificate, and, at least until some improper use was sought to be made of the certificate, furnished no ground of equitable jurisdiction.

A mortgage is but a security and the mortgagor is the owner of the land. Pay-ment is an absolute discharge of the property from the claim of the mort-gagee.

*Monday,
December* 10.

ERROR to the *Laporte* Circuit Court.

GOOKINS, J.—*Porter*, the defendant in error, brought his bill in chancery, against *Thompson W.* and *Noah Francis*, for the foreclosure of a mortgage.   They failed to answer, and he obtained a final decree, upon taking the bill as confessed; to reverse which this writ of error is brought.

The bill states that, in 1841, the plaintiff owned two tracts of land, containing eighty acres each, which he had mortgaged to the state to secure the repayment of a loan of 500 dollars borrowed from the sinking fund; that he sold and conveyed one of said tracts to *Thompson W. Francis* for 1,000 dollars, 500 dollars of which he paid, and the residue he agreed to pay by satisfying said mortgage, and especially by releasing the tract retained by the plaintiff from said incumbrance; that the last-named tract was valued at 400 dollars.   The bill charges that instead of paying off the mortgage, said *Francis* allowed the lands to be forfeited, and to be sold by the state; that he became the purchaser, and took from the commissioners of the sinking fund a certificate in the name of his brother *Noah Francis*; that as soon as the plaintiff learned these facts,

he called on them for an arrangement of the matter, and on the 29th day of *December*, 1845, they executed to him their joint mortgage of the tract previously sold to *Thompson W. Francis*, which recited the foregoing facts, and that by the terms of the sale by the commissioners of the sinking fund, the money would not all be due until the 15th day of *August*, 1849, and that it was given for the purpose of securing to the plaintiff the payment of said mortgage to the state, or of releasing and discharging the plaintiff's tract from it, and from the effect of said sale. The condition corresponds with the foregoing recitals, but fixes no time for the payment of the debt due the state. It is further charged that the debt to the state is still unpaid, and that the defendants below have not released the plaintiff's tract from said mortgage, nor from the effect of the said sale, and that the plaintiff is in danger of losing his land. Prayer, that the mortgage be foreclosed, the land sold, and that the certificate of purchase of the plaintiff's tract be assigned to him, or that the tract be otherwise conveyed to him, and for general relief.

Upon taking the bill as confessed, a decree was entered, requiring the defendants, within ninety days, to pay the amount due on the mortgage to the state, and, within the same time, to convey to the plaintiff the tract owned by him, or that they pay into the clerk's office 400 dollars for the plaintiff's use, which the Court found to be the value of that tract, with interest from the 14th day of *August*, 1841; and that in default thereof both tracts be sold, subject to the mortgage to the state, and the proceeds paid to the plaintiff; and that, on such sale being made, *Noah Francis* assign to the purchaser the certificate of purchase held by him from the fund commissioners.

This decree we think can not be sustained. The permitting of the lands to be sold under the mortgage to the state, was a just cause of complaint; but that was adjusted by the execution of the mortgage to the plaintiff, in which *Noah Francis* joined. This mortgage became simply an indemnity to the plaintiff to protect his land against the claim of the state. A mortgage held as an

indemnity can not be foreclosed, until the mortgagee has had something to pay, or has been otherwise injured. There is a ground of relief in equity, under the denomination of bills *quia timet*, to which a party may in some cases resort, to prevent an anticipated injury; but this can be done only where the plaintiff shows that he is in danger of loss or damage; as, that a fund in which he has an interest is being squandered, or a surety is likely to suffer, from the failure of the creditor to sue his principal; *Hays* v. *Ward*, 4 Johns. C. R. 123; but, in the latter case it has been said the surety is compellable to deposite the money in Court, for the payment of the creditor, so that, in fact, it is but an indirect subrogation to the rights of the creditor, upon the virtual payment of the debt; 2 Story's Eq. Jur. s. 849, *note;* and, at least, he would have to make the creditor a party, and tender him an indemnity against expenses. The bill in this case was filed *February* 4th, 1850, six months after the money became due on the mortgage to the state. There is no allegation that the interest had been left to accumulate unpaid, nor that the plaintiff had been or was likely to be disturbed in his possession, or put to expense or trouble. The bill states, it is true, that the plaintiff is in danger of losing his land; but it shows the contrary, for it states that the tract sold to *Francis* was valued at 1,000 dollars, and the commissioners of the sinking fund upon being notified of the plaintiff's equity, would be compelled to sell that tract first, and should they refuse to do so, a proper case would arise for the intervention of a Court of equity at the *instance of* the plaintiff.

From the view we have taken, it follows that the plaintiff was premature in proceeding to foreclose his mortgage. It further appears that the bill was defective for the want of parties. Had the bill shown a proper case for relief, on the ground that the plaintiff stood in the relation of a surety, and was liable to suffer from the default of his principal, the creditor should have been made a party. That the state could not be sued makes no difference. If the principal be not subject to the jurisdiction of the Court, as in the case of a sovereign state, the agent is a

proper party. *Osborn* v. *The Bank of the United States*, <span>Nov. Term,</span>
9 Wheat. 738. The commissioners of the sinking fund <span>1855.</span>
should have been made parties.

Nor was there any occasion to decree a conveyance of
the plaintiff's land to himself, or an assignment of the cer-
tificate. The mortgage recited the sale to *Noah Francis*,
by the commissioners of the sinking fund, and that it was
given for the purpose of releasing and discharging the
plaintiff's land *from the effect of said mortgage to the state
and the sale under it;* and the condition followed the reci-
tal. This was an estoppel against any claim which *Noah
Francis* might have set up under his purchase. It can-
celled the certificate, and, at least, until some improper use
was sought to be made of it, furnished no ground of equi-
table relief. *Jones* v. *Myers*, 7 Blackf. 340. There was no
contract to assign the certificate, nor to convey the land.
The decree, therefore, seeks to enforce the specific execu-
tion of a contract which the parties never made.

Nor would a conveyance be necessary upon discharging
the mortgage which the plaintiff had made to the state.
The modern doctrine is that the mortgage is but a secu-
rity, and that the mortgagor is the owner of the land.
Payment is an absolute discharge of the property from the
claim of the mortgagee. 4 Kent's Comm. 194, *note.*

*Per Curiam.*—The decree is reversed with costs. Cause
remanded, with instructions to the Circuit Court to dis-
miss the bill.

*A. L. Osborn* and *J. B. Niles,* for the appellants.

*J. Bradley,* for the appellee.