No. 15,122.

### FISHER, ADMINISTRATOR, *v.* FISHER.

EVIDENCE.—*Bill of Evidence— Use of to Prove Testimony of a Deceased Witness at Former Trial.*—A witness' testimony incorporated in a bill of exceptions for the purpose of an appeal is not admissible evidence on a second trial after the case has been reversed and the witness is dead, unless it is first shown that the testimony of such witness therein contained is a true statement of his evidence.

BILL OF EXCEPTIONS.— *Verity.— When Imports.—Object.*—A bill of exceptions imports absolute verity only for the purpose of an appeal of the cause in which it was filed, and is made for no other purpose.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*J. C. Branyan* and *M. L. Spencer,* for appellee.

OLDS, J.—As shown by the record, the appellant brought this action against the appellee upon a promissory note executed by the appellee to the appellant's decedent for $464.75, and instituted proceedings in attachment. Appellee filed an answer in three paragraphs, the first a general denial, the second alleging that there was no consideration for the note, and the third alleged that the note was given for money lost in dealing in options on grain and gaming contracts in which the decedent, Frank I. Fisher, and the appellee were engaged in the city of Chicago. There was a trial by the court without the intervention of a jury, and a special finding of facts and conclusions of law in favor of the appellee, and judgment in appellee's favor.

The appellant filed a motion for a new trial, which was overruled and exceptions reserved. The ruling on the motion for a new trial presents the question of the sufficiency of the evidence to support the finding, and the competency of certain evidence admitted over the objection of the appellant. The question as to the competency of the evidence is the one properly to be first considered, for if the evidence is incompetent, it being material, the judgment must be reversed.

After the appellant had rested his case, the appellee " offered to read in evidence the evidence of Frank I. Fisher, the plaintiff's decedent, which purports to have been given on a former trial of this cause, and which is incorporated in a transcript or record of the said former case which was appealed and filed in the Supreme Court of Indiana, and which evidence is contained in said record of said cause as filed by said Frank I. Fisher as set out and by him filed in said court."

To this evidence the appellant objected for the reason that the same was not the best evidence, and there was nothing to show that the evidence as set out had been agreed to as true except as contained in said record.

The court overruled the objection and permitted the same to be read in evidence.

It seems to be conceded by counsel, though it does not very clearly appear from the record, that the action was originally commenced by the decedent, Frank I. Fisher, in his lifetime, and a trial had, resulting in a judgment in favor of the appellee, and an appeal taken by said decedent to the Supreme Court, embodying in the record his own testimony given on the former trial, and the judgment reversed ; that after the appeal was taken, and before the retrial of the cause in the circuit court, the said Frank I. Fisher died, and his administrator was substituted as plaintiff.

Frank I. Fisher being a party to the action, and having testified as a witness on the former trial of the cause, and having died after that time, and his administrator being substituted as plaintiff before the latter trial, it was undoubtedly competent to prove what the decedent testified to on the former trial of the case. Even his admissions and statements outside of court would have been competent to be given in evidence against the administrator at the latter trial. But such statements of the deceased must be proven. by some mode authorized by law.

The bill of exceptions containing the evidence, and which

went into and made a part of the record of the former trial of this cause, was authorized for the purpose of an appeal from the former judgment, and was the recognized mode of bringing the evidence introduced at that trial before the higher court on an appeal from the judgment there rendered. For the purpose of that appeal the bill of exceptions and the record in that appeal import a verity for the purpose of the appeal, but that is the extent of it. It is a verity for the purpose of the appeal because it is authorized, but it is not made for the purpose of a retrial of the cause in the *nisi prius* court, nor for any other purpose except on an appeal from the judgment rendered on the trial at which it was given.

In the case of *Woollen* v. *Whitacre,* 91 Ind. 502, it was held that the bill of exceptions containing the evidence of a witness on a former trial was not competent to impeach or contradict such witness at a subsequent trial.

Counsel for appellee cite several authorities which it is contended support this theory, all of which we have examined, and find that they are not decisive of the question presented in this case. The nearest one in point being the case of *Davis* v. *Kline,* 96 Mo. 401, in which it was held that where the evidence of the witness given on a former trial had been preserved by bill of exceptions, the witness having died before a subsequent trial, and on the subsequent trial a witness was called and testified that the evidence contained in the bill of exceptions was a true statement of the evidence of the deceased witness given on the former trial, it was not error to admit it, but in this case there was no proof of this character, nor does it even appear that the record of which the testimony was a part was either verified or identified as being the record of the evidence given on the former trial, but no objection is made on this ground.

The case of *Kirk* v. *Mowry,* 24 Ohio St. 581, is a case directly in point, and we think enunciates the true doctrine, and holds that the bill of exceptions was not proper evidence.

In that case it is said : "The bill of exceptions was taken under the statute for a specific purpose in that trial, and imports verity no further than the statutory purpose for which it was authorized. It was never intended to be used as evidence in a subsequent trial of the cause of what was the testimony of the witnesses on the trial in which it was taken. Whenever it becomes competent to show, on a subsequent trial of the case, what testimony was given on a former trial, the usual modes of proof can not be dispensed with by resort to the bill of exceptions taken for no such purpose."

The record was not competent evidence of the testimony given by the decedent on the former trial, and the court erred in admitting it, and for this error the judgment must be reversed.

Judgment reversed, at costs of appellee, with instructions to grant a new trial.

Filed Nov. 18, 1891; petition for a rehearing overruled May 11, 1892.