UNITED TELEPHONE COMPANY ET AL. *v.* BARVA.

[No. 11,934. Filed May 1, 1925.]

1. PLEADING.—*Motion to strike out amended complaint alleging another corporation had taken over all property rights and assumed all liabilities of original defendant properly overruled.* —An amended complaint, or a complaint and supplemental complaint, which alleged that, after the commencement of the action, another corporation took over all the property rights and franchises of the original defendant company and assumed all debts and liabilities thereof and asking that the former company be made a defendant, was sufficient, and a motion to strike out either was properly overruled. p. 63.

2. EVIDENCE.—*Testimony of witness on former trial was properly excluded where not shown that his deposition could not be taken.*—Testimony of witness at former trial, as set out in a bill of exceptions, was properly excluded where the only evidence of whereabouts of witness was that he had been in California about two years, but it was not shown that his whereabouts was unknown or that his deposition could not be taken. p. 63.

3. APPEAL.—*Decision on former appeal as to sufficiency of complaint not law of case where complaint amended to state a different theory.*—The decision of an appellate tribunal on a former appeal as to the sufficiency of the complaint is not the law of the case where, after the cause was remanded,

the complaint was amended to state a cause of action on a different theory. p. 65.

4. PLEADING.—*Motion to make complaint more specific properly overruled when complaint informed defendants of the facts.*— A motion to require the complaint to be made more specific so as to show the particular negligence relied on was properly overruled when the complaint sufficiently informed the defendants of such facts. p. 65.

5. TRIAL.—*Requested instructions covered by instructions given properly refused.*—Requested instructions which were covered by instructions given were properly refused. p. 66.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Lydia Barva against the United Telephone Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.* By the court in banc.

*Pickens, Moores, Davidson & Pickens, Abram Simmons, Charles E. Dailey* and *Virgil M. Simmons,* for appellants.

*James D. Sturgis, Charles E. Sturgis, Robert W. Stine* and *Elmore D. Sturgis,* for appellee.

THOMPSON, J.—This is an action for damages for personal injuries alleged to have been sustained by the plaintiff, and this is the second appeal of this case. The opinion in the first appeal is reported in 76 Ind. App. 145, and for the facts in the case see that opinion.

After the case was remanded, there was an amended complaint and also a supplemental complaint filed. In the supplemental complaint, it was alleged that, after the commencement of the action, the Indiana Bell Telephone Company took over all the property rights and franchises of the United Telephone Company and assumed all debts and liabilities of said United Telephone Company, and it was asked in said supplemental complaint that the Indiana Bell Telephone Company be made a defendant in said action.

There were motions to strike out the amended complaint and also the supplemental complaint, which mo-

tions were overruled, to which the defendants excepted, and the defendants each filed demurrers to the amended complaint and also to the supplemental complaint, which demurrers were overruled and to which ruling the defendants excepted.

The defendant, Indiana Bell Telephone Company, filed two answers to the amended complaint and to the supplemental complaint, the first a general denial and the second the statute of limitations. The court sustained a demurrer to the second paragraph of answer, to which ruling the defendant excepted.

There was a trial by jury, and a verdict for $750.

A motion for a new trial was filed by each defendant, separately and severally, for the following reasons: (1) That the damages are excessive; (2) the assessment of the amount of recovery is erroneous, being too large; (3) the verdict of the jury is not sustained by sufficient evidence; (4) the verdict of the jury is contrary to law; (5) the court erred in giving certain instructions and in refusing to give certain instructions tendered. Also that the court erred in sustaining objections to testimony offered by plaintiff and in overruling certain objections of defendants to testimony offered by plaintiff. The motion for a new trial was overruled and each of the defendants excepted.

The court did not err in overruling the motion to strike out the amended complaint. Neither did the court err in overruling the motion to strike out
1. the supplemental complaint. *Louisville, etc., R. Co.* v. *Summers* (1892), 131 Ind. 241. *Cleveland, etc., R. Co.* v. *Prewitt* (1893), 134 Ind. 557. *Jeffersonville, etc., R. Co.* v. *Hendricks, Admr.* (1872), 41 Ind. 48.

Another alleged error discussed in appellant's brief is the sustaining of the objection to the testimony of Theodore Eck, contained in the bill of exceptions, in the

former appeal of the case. In the case of *Levi v. State* (1914), 182 Ind. 188, Ann. Cas. 1917A 654, quoting from page 192, in speaking of the right to introduce the testimony of a witness in a former trial, the court said: "The real basis for the admission of such testimony is to prevent the miscarriage of justice where the circumstances of the case have made it unreasonable and unfair to exclude the same. Thus, the death or insanity of the former witness, the absolute impossibility of securing his presence, his absence by procurement of the defendant, or such nonresidence as will preclude the taking of his deposition, will furnish proper grounds for the admission of his former testimony. The question of the necessity of such admission to prevent a miscarriage of justice, is addressed to the sound legal discretion of the trial court and only the abuse of such discretion can be presented to a court of review. * * * If the whereabouts of a witness are known and his deposition could have been taken, the former testimony is inadmissible." In this case, there was no showing of any effort to get the witness Theodore Eck, or to take his deposition. The only evidence as to the whereabouts of said Theodore Eck is the testimony of another witness as follows: "Well, he has been in California for about two years, I think." But this does not show that the witness is a nonresident of the State of Indiana, or that his whereabouts is unknown or that his deposition could not have been taken. In the case of *Fisher, Admr.,* v. *Fisher* (1891), 131 Ind. 462, speaking of the admissibility of the testimony of a witness incorporated in a bill of exceptions, the court said: "The bill of exceptions containing the evidence, and which went into and made a part of the record on the former trial of this cause, was authorized for the purpose of an appeal from the former judgment, and was the recognized mode of bringing

the evidence introduced at that trial before the higher court on an appeal from a judgment there rendered. For the purpose of that appeal the bill of exceptions and the record in that appeal import a verity for the purpose of the appeal, but that is the extent of it. It is a verity for the purpose of the appeal because it is authorized, but it is not made for the purpose of a retrial of the cause in the *nisi prius* court, nor for any other purpose except on an appeal from the judgment rendered on the trial at which it was given." The court did not err in sustaining the objection to the testimony of witness so offered. See, *Wabash R. Co.* v. *Miller* (1901), 158 Ind. 174; *Levi* v. *State, supra;* Watson, Revision of Works' Practice, 1390.

Appellant insists that the decision in the former appeal is controlling as "the law of the case" on this appeal. We do not think so, as the complaint was amend-

3. ed so as to present a question essentially different from that determined on the former appeal. On the former appeal, this court held that the negligence charged in the complaint consisted of the "manner" in which the employee threw the insulator and, by the amended complaint, the negligence charged was the throwing of the insulator at the time and place and under the circumstances alleged in the amended complaint.

Neither did the court err in overruling defendants' separate and several motion to make the amended complaint more specific, as the defendants were suf-

4. ficiently informed by the complaint as to the particular negligence relied upon as the basis of the action. *Hedges* v. *Mehring* (1921), 76 Ind. App. 496; *Nave* v. *Powell* (1916), 62 Ind. App. 274; *Alerding* v. *Allison* (1908), 170 Ind. 252, 127 Am. St. 363; *Bryson* v. *Crown Oil Co.* (1916), 185 Ind. 156; *Terre*

*Haute, etc., Traction Co.* v. *McDermott* (1924), 82 Ind. App. 134, 144 N. E. 620.

There was no error in overruling demurrers to the amended complaint, nor the supplemental complaint. See authorities above cited as to motions to strike them out.

There was no error in sustaining demurrer to second paragraph of answer. *Jeffersonville, etc., R. Co.* v. *Hendricks, supra.*

Error is assigned in the court giving certain instructions, and in refusing to give certain others tendered by appellant. We have examined all of the instructions of which complaint is made, also all instructions tendered by appellant, and which were refused by the court. The requested instructions which stated the law correctly were covered by other instructions given. The instructions given by the court, when taken as a whole, fairly state the law of the case.

There was evidence to sustain the verdict, and the court did not err in overruling the motion for a new trial.

Finding no reversible error, the judgment is affirmed.