### EGBERT *v*. EGBERT ET AL.

[No. 29,337. Filed March 21, 1956. Rehearing denied May 11, 1956.]

408

*J. A. Bruggeman, Otto E. Grant, Jr.,* and *Barrett, Barrett & McNagny,* of Fort Wayne, for appellant.

*Hunt, Longfellow & Suedhoff,* of Fort Wayne, *Gates & Gates,* of Columbia City, for all appellees, except McEntarfer and McEntarfer.

*Husselman & Husselman,* of Auburn, for appellees, McEntarfer and McEntarfer.

EMMERT, J.—This appeal reaches this court by transfer from the Appellate Court for failure of four judges to concur under §4-209, Burns' 1946 Replacement. The appeal is from a judgment on a special finding of facts and conclusions of law that appellant take nothing by his complaint, and that title to the real estate involved be quieted in the appellees Lisle E. McEntarfer and Mary A. McEntarfer against appellant William F. Egbert, and the DeKalb Mortgage Loan Company, Trustees, and all persons claiming through or under either of them. The errors alleged which are not waived involve the law of the case, and the court's rulings on admission of certain evidence.

The facts involved have been a fruitful source of litigation. The first appeal was decided by this court in *Egbert* v. *Egbert* (1948), 226 Ind. 346, 80 N. E. 2d 104. The second appeal was decided by the Appellate Court in *Egbert* v. *Egbert* (1950), 120 Ind. App. 670, 95 N. E. 2d 637. In 1946, William C. Egbert and Alice F. Egbert commenced an action in the DeKalb Circuit Court to quiet title to the real estate involved against appellees Lisle E. McEntarfer and Mary A. McEntarfer, Don F. Cameron and Angus L. Cameron. This resulted

in a decision for the defendants to that action. It also appears that the McEntarfers brought an action against William C. Egbert and Alice F. Egbert for possession of the real estate, which was determined adversely to such defendants.

On February 28, 1926, William C. Egbert and Alice F. Egbert, the father and mother of appellant, executed what was designated as a first mortgage bond, and generally referred to in the evidence as a note, in the principal sum of $5,250, payable at the end of five (5) years, to the DeKalb Mortgage Loan Company, Trustee, or bearer, to secure the payment of which, and as a part of the same transaction the makers executed a mortgage on 80 acres of real estate they owned in DeKalb County, hereafter referred to as the Egbert farm. The note was endorsed without recourse and transferred to Dr. John F. Cameron, a practicing physician residing at Hamilton, Indiana.

The note was not paid at maturity, and on May 2, 1934, was in default, and on said day the mortgagors William C. Egbert and Alice F. Egbert, his wife, accompanied by their son, the appellant, who was fourteen years of age at the time, went with Dr. John F. Cameron to the law office of Dan M. Link in Auburn, where the mortgagors signed and acknowledged a warranty deed for the real estate conveying it to appellees Don F. Cameron of Allen County, Indiana, and Angus L. Cameron of Minot, North Dakota, as tenants in common. Each of the grantees was a practicing physician and son of Dr. John F. Cameron. The deed stated, "The grantees accept this conveyance subject to a certain mortgage lien thereon in the name of John F. Cameron and subject to ditch and tax liens." At the same time and as a part of the same transaction Dr. John F. Cameron, as agent for parties of the first

part, and the mortgagors, as parties of the second part, signed a contract which· recited the mortgagors had conveyed the real estate to Don F. Cameron and Angus L. Cameron, as parties of the first part, and bound them to sell the real estate to the second parties on or before April 1, 1935, upon demand made by the second parties, for the amount of the mortgage in the name of Dr. John F. Cameron, plus interest, taxes and assessments paid by parties of the first part, the conveyance to be made subject to any existing liens on the real estate. The second parties were to retain possession until April 1, 1935.

Appellant testified that he knew when the deed was executed it was to satisfy the mortgage debt his parents owed on the farm and that he thought when the deed was signed the debt was wiped out. Alice F. Egbert died in July, 1947. The deposition of William C. Egbert was introduced in evidence, by which he stated that after the deed was executed he rented the farm on a cash rental basis until the death of Dr. John F. Cameron in 1944; that Dr. Cameron paid the taxes and insurance, that after the deed was executed he paid nothing on the note.

Dan M. Link, who acted as attorney in drafting the deed and contract to reconvey, testified by deposition for the first time in the trial in the Whitley Circuit Court. He stated that the Egberts and Dr. John F. Cameron came in his law office together, and that the documents were executed to save foreclosure, that his stenographer typed the papers which he read to the parties before signing, and that the deed and contract were signed May 2, 1934, after which Dr. John F. Cameron took them with him, and that all the Egberts were present during the conversations on the transaction.

Appellant testified that Dr. John F. Cameron was his great-uncle and had loaned money to him to complete his higher education, which was repaid, that in the summer of 1937 Dr. John F. Cameron came to the Egbert home at the Egbert farm, where, in the presence of his father and mother, the Doctor told him he wanted to give him some papers, naming the mortgage and mortgage bond, and gave them to him in an envelope; that thereafter he filed them away with some of his possessions; that he never paid any intangibles tax on the note and never tried to collect any interest, that he thought the note and mortgage were of no value. In 1945, he learned the Camerons were negotiating for the sale of the farm to the McEntarfers, and he tried to buy the farm from Don F. Cameron and Angus L. Cameron, which was after the death of Dr. John F. Cameron in September, 1944. During his talk with the Camerons he never mentioned he had the mortgage on the farm, but he offered to pay $6,000 and asked the Camerons to finance it. That he never thought the note had any value until he had talked to his attorneys, Mr. Howard Grimm and Rex Emerick. He contacted the McEntarfers to see if they would waive their offer to purchase, which they refused. After Dr. Don Cameron had refused to negotiate with Howard Grimm as attorney for appellant, appellant brought the action to foreclose the mortgage against his father and mother, the mortgagors, and the other appellees.

At the time this cause was first tried in the Noble Circuit Court the appellees Cameron and Cameron and McEntarfer and McEntarfer put the amended complaint at issue by several paragraphs of answer, the first denying and admitting certain rhetorical paragraphs, the second pleading extinguishment of the debt by merger of the mortgage lien with the legal title to the real

estate, the third a general answer of payment, the fifth paragraph pleading merger and payment, and the sixth paragraph denying that title to the note and mortgage was ever transferred to the appellant by John F. Cameron. The fourth paragraph of answer pleaded the statute of limitations, but to this a demurrer had been sustained. See *Egbert* v. *Egbert* (1948), 226 Ind. 346, 349, 80 N. E. 2d 104, *supra*.

When the cause was retried in the Huntington Circuit Court the issues had not been changed since the determination of the first appeal. However, before the cause was again tried in the Whitley Circuit Court the appellees Cameron and Cameron and McEntarfer and McEntarfer had filed a seventh paragraph of answer to plaintiff's amended complaint, which alleged the mortgage note had been discharged by an accord and satisfaction by reason of the specific facts therein detailed which resulted in the execution of the deed and the contract on May 2, 1934. The answer further averred that William C. and Alice F. Egbert became tenants of Don F. Cameron and Angus L. Cameron and paid cash rent for the real estate, but that the Egberts never exercised their option to purchase the real estate on or before April 1, 1935.

The appellees McEntarfer and McEntarfer also filed a cross-complaint to quiet their title in said real estate against the appellant William F. Egbert and the DeKalb Mortgage Loan Company, Trustee. The plaintiff filed an answer to the cross-complaint and a reply to the seventh paragraph of answer.

Appellant insists that the prior appeals to this court and the Appellate Court definitely established the law of the case, and that, therefore, the judgment of the Whitley Circuit Court must be reversed. "It is a general rule, many times followed in this

State, that a decision of this court shall constitute 'the law of the case,' so far as the principle involved is applicable, throughout all stages of the cause thereafter. [Citing cases.]" *Board of Commissioners of Huntington County* v. *Bonebrake* (1896), 146 Ind. 311, 313, 45 N. E. 470. The rule of the law of the case is to be distinguished from the rules of res judicata. "The rule of 'the law of the case,' thus limited to the point or points considered and decided on the first appeal, meets our full approval. But we can not agree to the claim of appellee's counsel, that 'the law of the case' precludes us from considering and deciding now, on the second appeal of this cause, any questions which might have been, but were not, considered and decided as the case was presented on the first appeal. Such claim seems to us unreasonable, although we are aware that it is supported by many respectable authorities, and even by the language used in some of the reported opinions of this court." *Davis* v. *Krug* (1884), 95 Ind. 1, 9. Questions which might have been but were not considered or decided in the first and prior appeal do not become the law of the case. "Only points decided become the law of the case." *Wine* v. *Woods* (1902), 158 Ind. 388, 391, 63 N. E. 759.[1]

In *Alerding* v. *Allison* (1908), 170 Ind. 252, 258, 259, 83 N. E. 1006, the limitations of the doctrine were clearly recognized by this court as follows:

"The doctrine of 'the law of the case,' as referring to the decision of the court in a particular case on a former appeal, is analogous to the doctrine of former adjudication, but much more limited in its application. Under the rule of former

[1] "In our judgment a decision rendered on appeal does not conclusively determine merely incidental or collateral questions, but determines only such questions as are presented for decision and are decided as essential to a just disposition of the pending appeal." *Union School Township* v. *First National Bank of Crawfordsville* (1885), 102 Ind. 464, 472, 2 N. E. 194.

adjudication, when a cause has been finally determined by a competent tribunal, all questions of controversy arising in the case must be taken as at rest forever, not only the things that were actually adjudged, but every other matter which the parties might have litigated under the issues formed. *Fichli* v. *Fichli* (1825), 1 Blackf. *360; *Gutheil* v. *Goodrich* (1903), 160 Ind. 92, 95. The rule known as 'the law of the case,' while as conclusive as in former adjudication, as to all matters within its scope, cannot be invoked, except as to such questions as have been actually considered and determined in the first appeal. In the application of this rule courts will take cognizance of such points only as affirmatively appear in the last to have been decided in the former appeal. The rule being one which tends to prevent the judicial consideration of a particular controversy, is not to be extended beyond the exigencies which demand its application. *Dodge* v. *Gaylord* (1876), 53 Ind. 365; *Davis* v. *Krug* (1883), 95 Ind. 1, 9; *Forgerson* v. *Smith* (1885), 104 Ind. 246, 247; *Elliott* v. *Cale* (1888), 113 Ind. 383, 406; *Wine* v. *Woods* (1902), 158 Ind. 388; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368; *Ohio, etc., R. Co.* v. *Hill* (1893), 7 Ind. App. 255, 263; *Sovereign Camp, etc.,* v. *Haller* (1903), 30 Ind. App. 450. In the case of *Dodge* v. *Gaylord, supra,* it is said: 'It is also settled that the decision of the Supreme Court, rendered upon a given state of facts, becomes the law of the case as applicable to such facts, and if the cause be remanded for a new trial, the parties have the right to introduce new evidence and establish a new state of facts; and when this is done, the decision of the Supreme Court ceases to be the law of the case, and the court in the trial of such case is not conclusively bound by such decision, but should apply the law applicable to the new and changed state of facts.' "

If upon the subsequent trial new issues had been formed, the decision of the prior appeal on the issues there presented do not become the law of the case as to the subsequent issues. *American Mutual Liability Ins. Co.* v. *Duesenberg* (1938), 214 Ind.

488, 493, 14 N. E. 2d 919, 16 N. E. 2d 698, 117 A. L. R. 1293; *Eckert* v. *Binkley* (1893), 134 Ind. 614, 622, 33 N. E. 619, 34 N. E. 441; *Ft. Wayne Iron, etc., Co.* v. *Parsell* (1911), 49 Ind. App. 565, 576, 94 N. E. 770;[2] *United Tel. Co.* v. *Barva* (1925), 83 Ind. App. 61, 65, 147 N. E. 716; *Hedges* v. *Mehring* (1921), 76 Ind. App. 496, 130 N. E. 423; *Deep Vein Coal Co.* v. *Dowdle* (1946), 224 Ind. 244, 255, 66 N. E. 2d 598.

"It is also settled, that the decision of the Supreme Court, rendered upon a given state of facts, becomes the law of the case as applicable to such facts, and ██ if the cause be remanded for new trial, the parties have the right to introduce new evidence and establish a new state of facts, and when this is done, the decision of the Supreme Court ceases to be the law of the case, and the court in the trial of such case is not conclusively bound by such decision, but should apply the law applicable to the new and changed state of facts; but if such cause be submitted to the court or jury for a re-trial upon the same identical facts upon which the decision was rendered, such decision remains the law of the case, and the trial court must apply the law as laid down by the appellate court to the facts submitted to the court or jury." *Dodge* v. *Gaylord* (1876), 53 Ind. 365, 369. New and additional evidence on a subsequent trial could not be ruled upon in the prior appeal. "It is clear that with the additional evidence which was before the jury upon the last trial

---

[2] "The opinion undoubtedly is the law of the case as to all questions presented and decided, but not so as to new or additional questions arising on the second trial and presented by this appeal. *City of Logansport* v. *Humphrey* (1886), 106 Ind. 146; *Keller* v. *Gaskill* (1898), 20 Ind. App. 502; *Brunson* v. *Henry* (1898), 152 Ind. 310." *Ft. Wayne Iron, etc., Co.* v. *Parsell* (1911), 49 Ind. App. 565, 576, 94 N. E. 770.

the question as to the legal sufficiency of the evidence as a whole is in nowise ruled, as the law of the case, by the decision of the Appellate Court upon the former appeal. *Dodge* v. *Gaylord* (1876), 53 Ind. 365; *Eckert* v. *Binkley* (1893), 134 Ind. 614; 2 Van Fleet, Former Adjudication, p. 1317." *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, 371, 73 N. E. 816.[3] When a contention is presented upon a second appeal that the prior decision becomes the law of the case, what was first decided must clearly appear to be the only possible construction of the opinion if the rule is to be invoked to preclude a showing that the proponent's contention would result in grave inequities and injustice. *State ex rel. Western Construction Co.* v. *Board of Commissioners of the County of Clinton* (1906), 166 Ind. 162, 203, 76 N. E. 986.[4]

---

[3] "When the case at bar was here on the former appeal it was reversed because the only care shown to have been exercised by appellee at the time was that she was walking slowly, and that this was not sufficient to support the averment that she passed over the crossing with due care and caution. It is seen that the facts disclosed by the record on this appeal are very materially different from the facts upon which the former appeal was decided. While the decision on the former appeal is the law of the case, it is the law of the case only upon such questions as were then presented. Where it is held that a party can not recover on the facts disclosed, such conclusion is binding on a subsequent appeal if the facts remain the same; but if the facts are different, and warrant a different conclusion, the former decision is not conclusive on the subsequent appeal. *Dodge* v. *Gaylord*, 53 Ind. 365; *Eckert* v. *Binkley*, 134 Ind. 614; *Ohio, etc., R. Co.* v. *Hill*, 7 Ind. App. 255." *City of Bluffton* v. *McAfee* (1899), 23 Ind. App. 112, 117, 53 N. E. 1058.

[4] "We have already seen that such a declaration, construed as relator indicates it should be, was profoundly erroneous, and it is not our duty to follow off into the miasmal marshes of error any further than is necessary in seeking after the declared law of the case. Two constructions being open as to the meaning of the declaration, it is our duty to prefer the one which

When we carefully examine the opinion in *Egbert* v. *Egbert* (1948), 226 Ind. 346, 80 N. E. 2d 104, *supra,* we find that what the opinion decided was that Dr. John F. Cameron had not transferred the note to his sons, and that the mortgage lien had not been extinguished by its merger with the title to the real estate. As to the sufficiency of the evidence to sustain any paragraph of answer, this court stated, "Appellees make no contention that the evidence even tends to sustain either paragraph of their affirmative answer. On the contrary their only contention is that since there was a general finding in favor of the defendants, no question can be raised as to the sufficiency of the evidence to sustain the finding." (Page 352.) Therefore, this court did not pass upon the sufficiency of the evidence to sustain any paragraph of answer to the amended complaint except as to merger, and obviously it could not decide as the law of the case the sufficiency of the present evidence in the record to sustain the answer of accord and satisfaction and the cross-complaint to quiet title.

An answer of payment is not the same as an answer of accord and satisfaction. "The word payment has a well-understood meaning, and in legal contemplation payment is the discharge in money or its equivalent of an obligation or debt owing by one person to another. 3 Elliott, Contracts §1925." *Morris* v. *Reyman* (1913), 55 Ind. App. 112, 114, 115, 103 N. E. 423. "Accord and satisfaction is distinguished from payment in that payment is generally understood to be a discharge by a compliance with the terms of the obligation,

---

more nearly accords with law and right. See *Washington, etc., R. Co.* v. *Coeur d' Alene R., etc., Co.* (1895), 160 U. S. 77 and 101, 16 Sup. Ct. 231, 40 L. Ed. 355." *State ex rel. Western Construction Co.* v. *Board of Commissioners of the County of Clinton* (1906), 166 Ind. 162, 203, 76 N. E. 986.

or its equivalent, while in an accord and satisfaction the discharge is effected by the performance of terms other than those originally agreed on." 1 Am. Jur., Accord and Satisfaction, p. 215, §2.[5] The only reasonable construction that could be given any of the testimony (including that of Dan M. Link, whose deposition was read for the first time in the trial of the cause in the Whitley Circuit Court), concerning the execution of the deed by the mortgagors and the contract between the mortgagors and their grantees in the deed, is that although there was no merger of the mortgage lien with the legal title, the note, then long overdue, held by Dr. John F. Cameron, was fully discharged and satisfied.[6] If the note had not been discharged, then even though the mortgagors had conveyed their title to the appellees Cameron and Cameron, Dr. John F. Cameron could have brought suit upon it and obtained a personal judg-

---

[5] "The lines of distinction among accord and satisfaction, compromise and settlement, novation, payment, and release are not always clearly defined in the opinions; the courts, in discussing transactions for the termination of an indebtedness, frequently use language relating to the foregoing terms inaccurately." 1 Am. Jur., Accord and Satisfaction, p. 215, §2.

[6] ". . . An accord is a contract (not merely a revocable offer nor a bargain invalid for lack of sufficient consideration or any other reason) between creditor and debtor for the settlement of the claim by some performance other than that which is due. Almost always the contract is bilateral, the debtor promising to render performance, as well as the creditor promising to receive it, but a unilateral contract of accord is possible (see Illustration 2). Satisfaction takes place when the accord is performed. If the accord is not performed, the creditor's duty thereunder is discharged, and he may enforce his original claim, or, at his election, damages for breach of the accord. There may or may not have been a dispute between the parties as to the validity of the claim to which the accord relates and the accord may have been either an agreement by way of compromise of a dispute or may have been an agreement to substitute a different performance, although no dispute existed in regard to the original claim." Restatement, Contracts §417a, pp. 785, 786.

ment against the mortgagors. If the note had not been fully discharged, the mortgagors could have brought a suit for cancellation of the deed for want of consideration. The mortgagors and their son, the appellant, after the note had been given to the appellant, assuming that story is the truth, considered the note of no value, and it was only years later when the farm was about to be sold to the McEntarfers that the appellant changed his mind after he had consulted his attorneys Howard Grimm, and Rex Emerick, now deceased. When William C. Egbert, the surviving grantor, paid cash rent for the farm, and the grantees by their father, Dr. John F. Cameron, accepted the rent, paid the taxes and insurance after the conveyance, they placed a construction on the agreement that it was an accord and satisfaction and a full discharge of the note.

Under §56-117, Burns' 1951 Replacement, prescribing the form for a mortgage of lands and §56-701, Burns' 1951 Replacement,[7] giving the mortgagor the right to possession of the premises, it is well settled that the mortgagees only have a lien upon the real estate. "The rule, now well established, however, is, that a mortgage creates no estate in the mortgagee, but confers on him only a lien upon the estate of the mortgagor, which estate, by force of the mortgage, can be transferred to the mortgagee only by a foreclosure and sale according to law." *Heavilon* v. *Farmers Bank of Frankfort* (1881), 81 Ind. 249, 253. "Indiana is unequivocally committed to the lien theory and the mortgagee has no title to the land mortgaged. The right to possession, use and enjoyment of the mortgaged prop-

---

[7] "Unless a mortgage specifically provides that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same." Section 56-701, Burns' 1951 Replacement.

erty, as well as title, remains in the mortgagor, unless otherwise specifically provided, and the mortgage is a mere security for the debt." *Oldham* v. *Noble* (1946), 117 Ind. App. 68, 75, 66 N. E. 2d 615. It logically follows that there must be some obligation for the lien to secure. When that obligation is discharged the mortgage becomes *functus officio* and legally dead. *Ledyard* v. *Chapin* (1855), 6 Ind. 320, 321; *Francis* v. *Porter* (1855), 7 Ind. 213, 217. "In it, we may remark, the mortgage was but a security for the note, and any act that discharged the latter, discharged the former." *Sherman* v. *Sherman* (1852), 3 Ind. 337, 341. A holder of a note negotiated after maturity, and without value received therefor, is not entitled to protection against the equities of others. Appellant was not a holder in due course or a bona fide purchaser of the note, and he took subject to all equities and claims available against the note. What he got was a dead note that had been extinguished by the accord and satisfaction.

Appellant objects to testimony by the appellees Cameron as to certain statements made by their father concerning the note and mortgage as being hearsay. It was appellant's position that the note was never satisfied, and these statements were inconsistent with appellant's contentions. If the note was not fully satisfied, then the statements were against the pecuniary interest of the father. He was dead at the time of trial, and such statements were admissible as against his interest under this exception to the hearsay rule. 5 Wigmore, Evidence (3rd Ed.) §§1455 to 1469.

Dr. Don F. Cameron was permitted to testify that appellant's counsel Howard Grimm came to his office in Fort Wayne and started to talk about an adjustment of the Egbert case before the suit to foreclose was filed. We fail to find any error in this

since Dr. Cameron stopped him before his first sentence was completed with the statement he didn't want to do business with Grimm, for reasons not necessary to state here, and he didn't want to hear any more about it. We fail to see how this incomplete statement could have prejudiced appellant. The words never matured into an offer to do anything, and no admission was made as to anything.

Appellant asserts it was error to permit the appellee Don F. Cameron to testify concerning a conversation had with his mother and father about loaning money to appellant for his higher education. Appellant was not present, but the evidence is uncontradicted Dr. John F. Cameron did loan appellant sums totaling $1,175.00 on an honor basis, without any evidence of the indebtedness being given, and that it was all repaid. This transaction was not involved in the mortgage loan or its satisfaction, and the court's error in admitting such testimony was harmless. *Powell* v. *Madison Safe Deposit & Tr. Co.* (1935), 208 Ind. 432, 196 N. E. 324, 101 A. L. R. 1368; *Federal Life Ins. Co.* v. *Bower* (1935), 102 Ind. App. 65, 198 N. E. 104.

The remaining objections to the testimony of Edgar Willenar are wholly without merit and no benefit could be derived from discussing such frivolous contentions.

Judgment affirmed.

Bobbitt, C. J., Landis and Arterburn, JJ., concur.

Achor, J., concurs in the result.

NOTE.—Reported in 132 N. E. 2d 910.