# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**RICHARD A. ROCAP**
Rocap Musser, LLP
Indianapolis, Indiana

**JEFFREY C. GERISH**
Plunkett Cooney
Bloomfield Hills, MI

ATTORNEYS FOR APPELLEE:

**GEORGE M. PLEWS**
**TODD J. JANZEN**
**BRIANNA J. SCHROEDER**
Plews Shadley Racher & Braun, LLP
Indianapolis, Indiana

FILED

Sep 30 2014, 10:41 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, ET AL, | ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 49A02-1311-PL-965 |
| MAPLEHURST FARMS, INC., ET AL, | ) ) | |
| Appellee-Plaintiffs. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Certo, Judge
Cause No. 49F12-0703-PL-10831

**September 30, 2014**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and Travelers Property Casualty Company of America (collectively, "Travelers") appeals the trial court's grant of summary judgment to Maplehurst Farms, Inc., and Maplehurst Dairy, Inc., n/k/a Amscor, Inc, (collectively, "Maplehurst"). We reverse and remand.

## Issues

We address one dispositive issue, which we restate as whether the trial court erred when it determined that Travelers was liable for expenses Maplehurst allegedly incurred after it gave Travelers notice of the insurance claim.[1]

## Facts

Maplehurst owned and operated a dairy farm in Indianapolis from 1933 until 1997. At some point in the 1950s, Maplehurst installed an underground storage tank ("UST") on the property that was used to store heating oil until the 1970s. In 1997, Maplehurst sold the property to Dean Foods Company ("Dean"). At some point, Dean conveyed the property to Palmer Properties, LLC, ("Palmer"). In February 2000, Dean discovered environmental contamination at the property, which it reported to the Indiana Department of Environmental Management ("IDEM"). In August 2000, Dean requested that Maplehurst remediate the contamination. In January 2002, IDEM advised Dean and

---

[1] Travelers raised three other issues: (1) whether the trial court erred when it determined that Travelers was not prejudiced by Maplehurst's pre-notice settlement; (2) whether the trial court erred when it calculated Maplehurst's post-notice damages; and (3) whether the trial court erred by ordering Travelers to pay prejudgment interest. Given our resolution of the first issue raised by Travelers, we need not address the remaining issues.

Maplehurst that, if they could not reach an agreement and provide a proposal to IDEM within thirty days, IDEM might issue an enforcement order requiring the parties to undertake the necessary response actions at the dairy. Maplehurst submitted a corrective action plan ("CAP") to IDEM in September 2002.

On December 27, 2002, Maplehurst entered into a settlement agreement ("Dean Settlement") with Dean. Under the Dean Settlement, Maplehurst agreed to pay Dean $170,000 and to "assume full and complete responsibility as the responsible parties to remediate the environmental contamination reflected in the incident to IDEM's satisfaction." Appellant's App. p. 52. The parties acknowledged that Maplehurst had provided IDEM with a CAP in September 2002. Maplehurst agreed to "remediate the contamination in accordance with IDEM's requirements and the CAP with such amendments thereto as may be required by IDEM." Id. at 53. In part, Dean agreed to cooperate with Maplehurst's efforts to pursue insurance claims "in connection with this Agreement, the Claim and in the ongoing remediation of the contamination pursuant to the CAP." Id. at 54.

At some point, Maplehurst discovered that it had insurance policies with Century Indemnity Company ("Century"), American Economy Insurance Company ("American Economy"), and Travelers for the relevant time periods. The Travelers policy provided, in part: "No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent." Appellant's App. p. 687.

3

In March 2003, Maplehurst provided notice of the claim to American Economy, and in April 2003, Maplehurst provided notice of the claim to Century. Century and American Economy denied coverage for costs incurred by Maplehurst before they received notices of the claim ("pre-notice costs" or "pre-tender costs"), but they agreed to pay defense and indemnity costs incurred by Maplehurst after they received notices of the claim ("post-notice costs" or "post-tender costs"). Maplehurst notified Travelers of the claim in May 2003. In February 2004, Travelers learned of the December 2002 Dean Settlement. Shortly thereafter Travelers denied Maplehurst's claim and refused to provide a defense. IDEM then approved a revised CAP in May 2004.

In March 2007, Maplehurst filed a complaint against Travelers, Century, and American Economy. American Economy filed a motion for summary judgment alleging, in part, that Maplehurst was not entitled to reimbursement of its pre-notice costs. Century and Traverlers joined in the motion. Maplehurst then filed a motion for summary judgment alleging that it was entitled to reimbursement of pre-notice and post-notice costs from Travelers. Maplehurst sought reimbursement of the $170,000 paid to Dean, $89,165.86 in other pre-notice defense costs, and prejudgment interest in the amount of $128,439.39. Maplehurst also sought post-notice costs of $295,896.98 and post-notice costs not yet incurred of $62,000.00. Maplehurst noted that Century and American Economy had already paid $295,896.98 and claimed that it was not seeking double recovery for that amount. Appellant's App. p. 892.

The trial court granted Maplehurst's motion for summary judgment. Specifically, the trial court found that Travelers had breached its duty to defend Maplehurst and found

4

that Travelers was required to reimburse Maplehurst's pre-notice costs of $170,000 and $89,165.86 in pre-notice defense costs plus prejudgment interest. Because the "ruling provide[d] for complete reimbursement to Maplehurst for all outstanding costs incurred in responding to the IDEM claim," the trial court did not resolve American Economy's and Century's motions for summary judgment. Appellant's App. p. 928.

On appeal, this court held that Maplehurst's claims for pre-notice costs were barred by our supreme court's holding in Dreaded, Inc., v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267 (Ind. 2009). We held:

> [I]t is apparent that the trial court's order directing Travelers to reimburse Maplehurst for the pre-notice, pretender costs is contrary to the fundamental holding in Dreaded that such costs cannot be recovered. Granted, when an insured is late in providing notice of a claim and the insurer responds by denying all coverage, prejudice to the insurer caused by the late notice is a potentially relevant consideration as to the insurer's post-notice obligations. However, regardless of the relevance that prejudice plays in the context of post-notice obligations, an insured is not entitled to recover pre-notice costs. Simply put, an insurer's duties under the policy do not arise unless and until the insurer has knowledge of the claim.
>
> Applying the holding in Dreaded, Maplehurst cannot recover costs or expenditures that it incurred prior to giving Travelers notice of the underlying environmental claim. In short, the trial court's award of Maplehurst's pre-notice, pretender defense costs runs afoul of Dreaded. Because all of the costs and expenditures at issue in this case were incurred by Maplehurst before it notified Travelers of the claim, those costs cannot be recovered.

5

Travelers Ins. Companies v. Maplehurst Farms, Inc., 953 N.E.2d 1153, 1160 (Ind. Ct. App. 2011) (internal citations omitted) ("Maplehurst I"), trans. denied. In our conclusion paragraph, we stated:

> In light of our discussion above, we conclude that the trial court erred in granting Maplehurst's motion for summary judgment with regard to the pre-notice costs and expenses that Travelers was ordered to pay. However, Travelers remains liable for the costs and expenses under the provisions of the insurance policy that Maplehurst incurred after it notified Travelers of the claim.

Id. at 1162.

While the matter was pending before this court, Maplehurst apparently settled with American Economy and Century. On remand, Maplehurst filed a motion for summary judgment regarding post-notice costs and prejudgment interest. In its motion, Maplehurst alleged that this court held that Travelers was "still liable for Maplehurst's post-notice, post-tender costs." Appellant's App. p. 955. Maplehurst argued that it had incurred $315,974.89 in post-notice costs, that it had "settled with its other insurers [American Economy and Century] for a net total of $400,615.15 (gross settlement less attorneys' fees and expenses)," and that its settlement with the other insurers "included claims for pre-tender, post-tender, future liabilities, and also included policy buy-backs." Id. Maplehurst further alleged that it had chosen to allocate 60% of its net settlements, or $240,369.08, to pay pre-notice invoices and 40% toward future liabilities, claims releases, and policy buy-backs. Maplehurst noted that none of the settlement funds were allocated to pay post-notice costs incurred. Maplehurst sought summary judgment

6

against Travelers for "post-notice, post-tender costs in the amount of $315,974.89, plus prejudgment interest in the amount of $170,145.80, totaling $486,120.69." Id. at 956.

Travelers filed a cross-motion for summary judgment. Travelers argued that this court held Maplehurst was not entitled to reimbursement of pre-notice expenses and that the alleged post-notice expenses were actually incurred prior to notice to the insurance companies. Travelers also argued that genuine issues of material fact existed regarding Maplehurst's alleged post-notice costs and that Maplehurst was not entitled to prejudgment interest.

In its reply, Maplehurst argued that Travelers was misinterpreting our decision in the first appeal, that the post-notice costs were the result of the IDEM claim, not the Dean Settlement, and that Travelers had failed to respond to its argument regarding the allocation of damages and the amount of its post-notice costs.

The trial court granted Maplehurst's motion and denied Travelers' motion. The trial court found that Maplehurst's post-notice costs were incurred pursuant to the CAP, which was finalized after Maplehurst gave notice to Travelers. The trial court concluded that "Maplehurst is obligated to pay all its own pre-tender costs, but Travelers must cover obligations due post-tender." Appellant's App. p. 20. The trial court ordered Travelers to pay prejudgment interest and "Maplehurst's costs and expenses sustained after May 30, 2003." Id. at 21. Maplehurst and Travelers then submitted a joint stipulation regarding Maplehurst's damages. The parties stipulated that Maplehurst had $315,974.89 in post-notice costs and prejudgment interest of $193,138.39, for a total of $509,113.28 in damages. Travelers specifically did not waive "its right to appeal the Court's post-

7

remand summary judgment rulings." Id. at 37. Travelers continued to assert that it "is not liable for any of the costs or obligations incurred pre-tender but paid post-tender (or any pre-judgment interest on those costs)." Id. at 38. Travelers "contend[ed] it is not liable for Maplehurst's costs sustained post-tender" but "agree[ed] that it does not dispute and will not dispute the Court's determination that Maplehurst's costs sustained post-tender are in the amount of $315,974.89." Id. The trial court then entered final judgment against Travelers for "$512,299.00 in costs sustained post-tender and prejudgment interest as of October 14, 2013, plus prejudgment interest in the amount of $69.25 per day after October 14, 2013." Id. at 41. Travelers now appeals.

## Analysis

On appeal, Travelers argues that the trial court erred when it determined that Travelers was liable for Maplehurst's alleged post-notice expenses and granted summary judgment to Maplehurst. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56. We liberally construe all designated evidentiary material in a light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. Bradshaw v. Chandler, 916 N.E.2d 163, 166 (Ind. 2009). The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred. Id. Our review of a summary judgment motion is limited to those materials designated to the trial court. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001).

8

The parties' arguments to the trial court on remand and to this court on appeal concern their differing interpretations of Maplehurst I. "Upon remand following an appellate decision, trial court consideration of an issue may be precluded by application of the law of the case doctrine which requires a trial court to 'apply the law as laid down by the appellate court.'" Riggs v. Burell, 619 N.E.2d 562, 564 (Ind. 1993) (quoting Dodge v. Gaylord, 53 Ind. 365, 369 (1876)). "To invoke the law of the case doctrine, however, the matters decided in a prior appeal 'must clearly appear to be the only possible construction of the opinion.'" Id. (quoting Egbert v. Egbert, 235 Ind. 405, 417, 132 N.E.2d 910, 916 (1955)). "We must therefore identify in the prior appellate decision, those issues conclusively decided which clearly appear as the only possible construction of the opinion." Id. (internal citation omitted).

In Maplehurst I, we addressed whether the trial court erred by ordering Travelers to pay Maplehurst's pre-notice costs. The trial court had found that Travelers breached its duty to defend Maplehurst and that Travelers was required to reimburse Maplehurst's pre-notice costs of $170,000 and $89,165.86 in pre-notice defense costs plus prejudgment interest. Because the "ruling provide[d] for complete reimbursement to Maplehurst for all outstanding costs incurred in responding to the IDEM claim," the trial court did not resolve American Economy and Century's motions for summary judgment. Appellant's App. p. 928. The trial court did not order Travelers to pay any post-notice costs. On appeal, we reversed, holding that Maplehurst could not recover "costs or expenditures that it incurred prior to giving Travelers notice of the underlying environmental claim." Maplehurst I, 953 N.E.2d at 1160. We further held: "Because all of the costs and

9

expenditures at issue in this case were incurred by Maplehurst before it notified Travelers of the claim, those costs cannot be recovered." Id.

In the conclusion paragraph, we noted that: "Travelers remains liable for the costs and expenses under the provisions of the insurance policy that Maplehurst incurred after it notified Travelers of the claim." Id. at 1162. Relying on that one sentence in the conclusion paragraph, Maplehurst contends that Travelers is liable for all costs which Maplehurst sustained after it gave notice to Travelers. Travelers argues that the costs at issue were "incurred" by Maplehurst when it entered into the Dean Settlement, making them pre-notice costs. Consequently, the parties disagree on the meaning of "incurred."

"Incur" means "to acquire or come into (something usu. undesirable); sustain" or "to become subject to as a result of one's actions; bring upon oneself." THE AMERICAN HERITAGE COLLEGE DICTIONARY 689 (3rd ed. 2000). Similarly, Black's Law Dictionary defines "incur" as "to suffer or bring on oneself (a liability or expense)." BLACK'S LAW DICTIONARY 885 (10th ed. 2014). Our courts have interpreted "incur" in other contexts. For example, in the context of the qualified settlement offer statute, Indiana Code Section 34-50-1-6, we held that costs and expenses were "incurred by the offeror" even though they were paid by an insurance company on the offeror's behalf. Hanninen v. Koch, 868 N.E.2d 1137, 1141 (Ind. Ct. App. 2007); see also Scott v. Irmeger, 859 N.E.2d 1238 (Ind. Ct. App. 2007). Consequently, "incur" means more than simply paying a debt. Instead, it means bringing a liability or obligation on oneself.

Maplehurst submitted a CAP to IDEM in September 2002. On December 27, 2002, Maplehurst entered into the Dean Settlement. Under the Dean Settlement,

10

Maplehurst agreed to pay Dean $170,000 and to "assume full and complete responsibility as the responsible parties to remediate the environmental contamination reflected in the incident to IDEM's satisfaction." Appellant's App. p. 52. Maplehurst agreed to "remediate the contamination in accordance with IDEM's requirements and the CAP with such amendments thereto as may be required by IDEM." Id. at 53. Maplehurst then notified Travelers of the claim in May 2003, and in February 2004, Travelers learned of the December 2002 Dean Settlement. IDEM approved a revised CAP in May 2004.

According to Travelers, Maplehurst "incurred" the expenses in question when it entered into the Dean Settlement and obligated itself to remediate the property to IDEM's satisfaction. Maplehurst argues that it was obligated to remediate the property because it was the only responsible party under the Petroleum Facility Statute, Indiana Code Section 13-24-1-4, not because of the Dean Settlement. According to Maplehurst, its obligations arose when IDEM approved the CAP, which was after notice to Travelers. We disagree with Maplehurst's interpretation of "incur."

Maplehurst clearly obligated itself to remediate the property when it entered into the Dean Settlement, not when IDEM approved the final CAP. The final CAP merely described how Maplehurst would be required to remediate the property; Maplehurst agreed in the Dean Settlement to remediate to IDEM's standards long before Travelers was notified of the claim. Maplehurst argues that it already had a statutory obligation to remediate the contamination under the Petroleum Facility Statute. Regardless of Maplehurst's statutory obligation, the issue is when it entered into the settlement agreement without notice to Travelers.

11

Although some of the remediation occurred after notice to Travelers, all of the post-notice costs at issue flowed from the Dean Settlement. As Travelers points out, an award of such costs would allow an insured to settle a claim, notify the insurer, and obligate the insurer to cover the settlement. Such a result would violate the policy provision that prevents an insured from voluntarily assuming any obligation without the insurer's consent. See Appellant's App. p. 687. Any insured that settles a claim without the insurer's knowledge or consent does so at the insured's own expense under the express language of this provision. See W. Bend Mut. Ins. Co. v. Arbor Homes LLC, 703 F.3d 1092, 1096 (7th Cir. 2013), reh'g denied ("Having no opportunity to participate in the investigation or settlement, West Bend is entitled to enforcement of the plain language of the contract: Arbor's settlements with Willmez and with the Lorches without the consent of West Bend is at Arbor's own expense."); Klepper v. ACE Am. Ins. Co., 999 N.E.2d 86, 96 (Ind. Ct. App. 2013) (holding that the policy's voluntary payment provision precluded coverage), trans. denied.

Our interpretation of "incurred" is consistent with the holdings in Maplehurst I, where we held that, "where an insured enters into a settlement agreement without the insurer's consent in violation of a voluntary payment provision, that obligation cannot be recovered from the insurer." Maplehurst I, 953 N.E.2d at 1161. We held that "all of the costs and expenditures at issue in this case were incurred by Maplehurst before it notified Travelers of the claim." Id. at 1160. In our conclusion paragraph, we held that "Travelers remains liable for the costs and expenses under the provisions of the insurance policy that Maplehurst incurred after it notified Travelers of the claim." Id. That holding

12

is also consistent with today's outcome. The costs and expenses under the Dean Settlement were "incurred" prior to notice.

Maplehurst argues that this result is incompatible with our supreme court's holding in Dreaded, upon which Maplehurst I relied. In Dreaded, the insured waited over three years to notify its insurer of an environmental claim. The insured then requested that the insurer take up its defense in an IDEM claim and reimburse them for defense costs already incurred. The insurer agreed to defend the insured from that point forward but refused to reimburse the insured for defense costs sustained prior to the notice. The trial court entered summary judgment in the insurer's favor. On appeal, the issue was whether the trial court erred by granting the insurer summary judgment on the claim for pre-tender defense costs. Our supreme court held that an insurer's duty to defend "simply does not arise until it receives the foundational information designated in the notice requirement." Dreaded, 904 N.E.2d at 1273. Consequently, our supreme court held that the trial court properly granted summary judgment to the insurer regarding the pre-notice defense costs. Our conclusion regarding the post-notice costs here does not conflict with Dreaded. Dreaded concerned only pre-notice defense costs; it did not address post-notice costs that were incurred pursuant to a pre-notice settlement.[2]

---

[2] Maplehurst also argues that "Travelers did not object to the trial court's initial holding regarding post-notice costs on appeal." Appellee's Br. p. 23. Maplehurst misconstrues the trial court's initial summary judgment ruling. Although the trial court found that Travelers had breached its duty to provide a post-notice defense to Maplehurst, the trial court did not order Travelers to reimburse Maplehurst for post-notice costs. Appellant's App. p. 928.

Finally, Maplehurst also argues briefly that another policy provision applies here. The policy's exclusions provided:

## Conclusion

In summary, we conclude that the trial court erred when it interpreted <u>Maplehurst I</u> to require Travelers to pay costs that were incurred as a result of the Dean Settlement. As a result, the trial court erred by granting summary judgment to Maplehurst. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

BRADFORD, J., and BROWN, J., concur.

---

> This insurance does not apply to . . . "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages . . . that the insured would have in the absence of the contract or agreement.

Appellant's App. pp. 678-79. However, Maplehurst does not explain how this exception to the exclusions applies or how it relates to the voluntary payment provision. Maplehurst has waived the application of this provision for failure to make a cogent argument. <u>See</u> Ind. Appellate Rule 46(A)(8)(a).