VONDERSCHMITT *v.* MCGUIRE ET AL.

[No. 15,049.  Filed May 7, 1935.  Rehearing denied October 18, 1935.]

*Jess B. Fields,* and *Regester & Regester,* for appellant.

*Corr & Bowen, Q. Austing East,* and *R. I. Black,* for appellees.

CURTIS, J.—The appellant brought the action in the instant case in the trial court seeking to enjoin the appellees from using the streets and sidewalks in front of the Indiana Theatre in the City of Bloomington, Indiana, for the purpose of picketing said theatre, and also to enjoin said appellees' from picketing said theatre.  The complaint was in one paragraph to which

a demurrer was sustained whereupon the appellant asked and was given leave to file an amended complaint. Upon said amended complaint being filed the appellees filed a joint and several demurrer upon the ground that said amended complaint did not state facts sufficient to constitute a cause of action. . This demurrer was likewise sustained with an exception to the appellant who refused to plead further whereupon a judgment was rendered that the appellant take nothing by reason of his complaint. It is from this judgment that this appeal was prayed and perfected.

The error assigned and relied upon for reversal is that the court erred in its ruling on the demurrer to the amended complaint.

We do not deem it necessary to set out the amended complaint in detail. It proceeds upon the theory that the appellant who owns the theatre building and lot adjacent to said streets and sidewalks, as such abutting property owner, owns the fee to the center of the street subject only to the easement of the public in the street for the use to which it was dedicated and that since the appellees were alleged to be picketing they were thereby making an unlawful use of the street and were trespassing upon the land of the appellant. The demurrer challenges this theory.

It is true that the theory of the law in Indiana, in the absence of express limitation, is that an abutting lot owner in a city owns the fee to the center line of the street. But it is equally true that the public has a right, in the absence of express limitations, to travel upon said street at any and all times as a public street. There is no allegation in the amended complaint that the appellees were making any use of the street whatever that the public has no right to make, unless it be the bare allegations to the effect that they were engaged in peacefully picketing the

theatre in question by carrying a placard back and forth past the theatre bearing the inscription that the theatre was unfair to organized labor and by the use of hand bills of the same import. There is no allegation that the appellees were going beyond the scope of peaceful picketing. This they had a right to do. There is no allegation that the picketing was accompanied by any unlawful acts.

We are of the opinion that the amended complaint fails to state a cause of action. See: *Scopes* v. *Helmar* (1933), 205 Ind. 596, 187 N. E. 662 and the cases cited therein. The demurrer was correctly sustained.

Judgment affirmed.