BARTENDERS, HOTEL AND RESTAURANT EMPLOYEES
UNION LOCAL 103, A. F. OF L. OF SOUTH BEND;
INDIANA, ET AL. *v.* CLARK RESTAURANTS, INC.

[No. 18,213. Filed December 6, 1951. Rehearing Denied
December 20, 1951. Transfer denied February 18, 1952.]

166

*Edward B. Smith,* of South Bend, for appellants.

*Crumpacker, May, Beamer, Levy & Searer,* of South Bend, for appellee.

ROYSE, J.—Appellee operates two restaurants in the City of South Bend which are involved in this con-

troversy. The appellants are a duly organized labor union and certain of the officers thereof. Commencing the latter part of September, 1950 the individual appellants herein and other labor men met on several occasions with the president of appellee to discuss the matter of making appellee's business a union house, that is, a closed shop, where all of appellee's employees would be required to join the union. None of the appellants or any of their representatives at any time referred to herein discussed with the employees of appellee the matter of such employees becoming members of the union. At all of the times referred to herein none of appellee's employees were members of appellant Union, nor had any expressed a desire to become a member thereof. There was no labor dispute between appellee and any of its employees. During the course of these meetings appellee's president offered to call a meeting of his employees and let them vote a secret ballot on the question, but appellants rejected this proposal. The president, at a meeting between the parties, expressed a willingness to sign a union contract if appellants would permit those employees who desired to join to do so, but not force those who did not wish to join to become members of the union. At these conferences appellee's president insisted he had neither the legal nor moral right to coerce his employees to join appellant union. Appellee refused to attend a further meeting which had been scheduled for December 11, 1950. On December 12, 1950 appellants began picketing appellee's restaurants. On the same day appellee filed its verified complaint for a temporary restraining order without notice and asked the court after hearing to grant a permanent injunction. The temporary restraining order was issued. Subsequently upon trial the court, pursuant to request, stated its findings of fact (in substance as set out above) and conclusions of

law, and granted appellee a permanent injunction against appellants.

From that judgment appellants prosecute this appeal. The errors assigned will be discussed in the order of their presentation in the brief of appellant.

It is first contended appellee's complaint for a temporary restraining order did not allege a substantial and irreparable injury would result to its property. They admit the complaint averred the act complained of "is now causing substantial and irreparable injury to plaintiff and plaintiff's business." We believe this is a substantial compliance with the statute, §40-507, et seq., Burns' 1940 Replacement.

They next contend the court erred in granting the temporary restraining order. The action of the trial court in granting or denying a temporary restraining order is not appealable. *State ex rel. Board of Medical Registration and Examination of Indiana* v. *Hayes* (1950), 228 Ind. 286, 288, 91 N. E. 2d 913.

They assert the trial court erred in the admission of certain evidence. The specifications of their motion for a new trial are, that the decision of the court is not sustained by sufficient evidence and is contrary to law. Therefore, under such specifications no question is presented as to the admissibility of evidence.

It is then contended the evidence is insufficient because appellee failed to prove appellants were causing a substantial or irreparable injury to its property and that it failed to prove they were trying to coerce it into doing an illegal and immoral act. There was evidence in the record that there was at least one refusal to make deliveries because of the picketing. There was also evidence that business has been reduced in at least one of appellee's restaurants.

Furthermore, it is a matter of common knowledge that the objective of picketing is to impair the business of the employer until he is forced to yield to the demands of the pickets.

In the case of *Roth* v. *Local Union No. 1460 of Retail Clerks Union et al.* (1940), 216 Ind. 363, at page 370, 24 N. E. 2d 280, where the findings of fact were quite analogous to those herein, the Supreme Court, in affirming the issuance of a temporary injunction, said:

> "The statute here under consideration declares that it is the public policy of this state that the individual unorganized worker shall be free to decline to associate with his fellows and that he shall be free from interference, restraint, or coercion on the part of his employer. This must mean that no labor union may demand that an employer require his employee to join such union, because no employer has the right to require an employee to join or refrain from joining a labor union. Any person or group which undertakes to coerce an employer to do that which is contrary to the express policy of this state thereby undertakes to compel the performance of an unlawful act. The lawful weapon of peaceful picketing may not be utilized to accomplish such an unlawful purpose. It is quite immaterial that the things done to bring about the unlawful purpose were not *per se* unlawful."

That case was before the Supreme Court again on the issuance of a permanent injunction, *(Local No. 1460 of Retail Clerks Union et al.* v. *Roth* (1941), 218 Ind. 275, 31 N. E. 2d 986) where the Court, after approving the first case, pointed out the evidence then before it showed the employees were members of the union at the time of the picketing.

In the case of *Spickelmier* v. *Chambers* (1943), 113 Ind. App. 470, at page 475, 47 N. E. 2d 189 (Transfer denied), we said:

"there can be no doubt that picketing is a form of economic coercion which can be upheld only when some lawful justification for its exercise exists."

In our opinion the record herein was replete with evidence which would justify the trial court in finding appellants were demanding that appellee force its employees to join their union. It is immaterial whether appellants actually threatened the use of force; the mere fact they requested appellee to do that which the law forbids was wrong. Significantly, when appellee refused to confer further with them in reference to their unlawful demands, they resorted to that form of "economic coercion" known as picketing. This was sufficient to justify the trial court's issuance of the permanent injunction. *Roth* v. *Local Union No. 1460 of Retail Clerks Union et al., supra.*

Appellants next contend the court erred in granting a permanent injunction on January 19, 1951, before filing as a part of the record its findings of fact which were not filed until January 31, 1951, contrary to §40-509, Burns' 1940 Replacement. The provision of this statute is as follows:

"No restraining order or temporary or permanent injunction shall be granted in a case involving or growing out of a labor dispute, except on the basis of finding of facts made and filed by the court in the records of the case prior to the issuance of such restraining order or injunction; and every restraining order or injunction granted in a case involving or growing out of a labor dispute shall include only a prohibition of such specific act or acts as may be expressly complained of in the bill of complaint or petition filed in such case and as shall be expressly included in said findings of fact made and filed by the court as provided herein."

The record in this case shows that on the 19th day of January, 1951, which was the 53rd judicial day of the

November term of said court, the following proceedings were had in this cause:

> "Come now the parties and are present in court and by their respective attorneys.
>
> "And now the Court submits a written statement of facts.
>
> "And now the Court renders its decision after reviewing the evidence, and the law involved, granting the injunction as prayed for by the plaintiff, to which ruling of the Court the defendants now separately and severally except."

The record further discloses that on the 31st day of January, 1951, which was the 63rd judicial day of the November term of said Court, the following further proceedings were had in said cause:

> "Now here the Court signs and files the findings of fact and conclusions of law referred to in the minutes of January 19th, 1951, in this cause. The exceptions of the defendants separately and severally are again noted.
>
> "And now on request of each defendant, the court extends the time for filing objections to the conclusions of law and findings of fact, and motion for new trial for 30 days from this date."

In our opinion the legislative intent in enacting the above quoted provision of the statute was to apprise the defendant of the causes which made it necessary to issue the restraining order or injunction. The submission by the trial court of its findings of fact in writing to the parties and their counsel in open court was a substantial compliance with the statute. The signing of the findings on January 31, 1951 was a mere ministerial act of the judge which made a record of what he had previously judicially announced in open court. *State ex rel. Harp et al.* v. *Vanderburgh Circuit Court et al.* (1949), 227 Ind. 353, 360, 85 N. E. 2d 254.

The case of *Bailer* v. *Dowd, Warden* (1942), 219 Ind. 624, 627, 40 N. E. 2d 325, dealt with a petition for a writ of *habeas corpus* in which appellant claimed the judgment upon which he was committed was void because the entry thereof was not signed by the judge. After citing numerous authorities to sustain its rejection of this contention, our Supreme Court said:

> "This rule is based upon the premise, not always stated in the opinions, that rendition of the judgment is the act of the judge, judicial, but the entry thereof, the act of the clerk, ministerial, and the judge's signature is likewise a ministerial attestation to the correctness of the clerk's transcription of a judgment complete in itself when pronounced by the judge. This distinction is recognized by those cases which hold that the time for appeal runs from the date of rendition of the judgment, not the date of its entry."

In the case of *Halstead* v. *Sigler et al.* (1905), 35 Ind. App. 419, 422, 74 N. E. 257, this court said:

> "Where a case is tried before the court, and a special finding of facts is demanded, plaintiff may dismiss his cause of action, or any part thereof, at any time before such special finding of facts is announced. It is the announcement of the special finding after it has been reduced to writing which cuts off the right of dismissal."

We are of the opinion the trial court's action in this regard did not contravene the provisions of the statute. *Weist et al.* v. *Dirks* (1939), 215 Ind. 568, 571, 20 N. E. 2d 969.

We do not deem it necessary to pass upon the propriety of that part of the record of January 31, 1951 which purported to give appellants thirty days from that date to file objections to conclusions of law, findings of fact, and their motion for a new trial. The record herein discloses the motion for a new trial was

filed within thirty days from the judgment entered January 19, 1951.

Appellants next contend the injunction issued in this case will prevent them from ever again using their lawful rights in any labor dispute they may ■ have with appellee, and is therefore in violation of the Constitution of the State of Indiana and the United States.

The core of this action was the charge of appellee that the appellants were attempting to coerce it to require its employees to join appellant union; that to accomplish this unlawful purpose appellants had resorted to picketing its business. This is what the trial court enjoined. As heretofore indicated, picketing for such a purpose contravenes the public policy expressed in the statute and therefore could and should be enjoined. The injunction did not and could not affect the legal rights of appellant to picket appellee's business for any lawful purpose now or in the future.

Other questions presented by appellant have been answered by the discussion herein of the principles which have guided our decision.

Judgment affirmed.

Crumpacker, J., not participating.

NOTE.—Reported in 102 N. E. 2d 220.