TEAMSTERS' LOCAL NO. 364, AMERICAN FEDERATION
OF LABOR *v.* STEWART'S BAKERY OF
ROCHESTER, IND.

[No. 18,616. Filed January 11, 1955.]

*Ralph B. Gregg, Edward J. Fillenwarth,* and *Gregg, Fillion, Fillenwarth & Hughes,* all of Indianapolis, and *Jesse A. Brown,* of Rochester, for appellant.

*William L. Morris,* of Rochester, and *Frederick E. Rakestraw,* of Akron, for appellee.

CRUMPACKER, J.—This is an appeal from an interlocutory order of the Fulton Circuit Court entered upon

·the application of the appellee for temporary injunctive relief. The order reads as follows: "Come now the parties in court by counsel and the court now overrules. defendant's motion for finding for defendant. The court .now finds for plaintiff on his applications for temporary injunction and temporary injunction is now granted, to which ruling of the court the defendant excepts."

· We realize that this is merely a preliminary order which in no manner adjudicates the merits of the controversy between the parties. Nevertheless, it ▉▉ purports to grant the appellee injunctive relief of some sort and should be clear and certain enough in its terms that the appellant may readily know what it is restrained from doing. Ordinarily an injunction which does not specify what specific acts are under restraint is too vague and uncertain to be enforcible. See 43 C. J. S., Injunctions, §206b, p. 932. Obviously, the injunction here involved falls far short of these requirements. The appellee admits this, but contends that we should look to its complaint to supplement or explain the order and construe it as enjoining only the alleged unlawful acts therein complained of. *Bartenders, etc., Union* v. *Clark Restaurants* (1952), 122 Ind. App. 165, 102 N. E. 2d 220.

By authority of the case cited we have gone to the complaint and find only the following allegations pertinent to the question: "That on or about ▉ the 25th day of February, 1954, defendant union began and continued to maintain pickets upon the public walkway adjacent to plaintiff's place of business. That pursuant to court order said pickets ceased to walk about plaintiff's place of business on the 28th day of February. That unless a court order is entered temporarily restraining said defendant from so doing,

plaintiff verily believes that said defendant will com- mence to picket said premises until permanently enjoined." If we consider these allegations in aid of the temporary injunction involved, it is clear that it enjoins the appellant from picketing the appellee's place of business in a peaceful manner and for a lawful purpose as well as otherwise. Such an injunction, even if only temporary, is contrary to law as it has long since become the settled law of this state that picketing, in connection with a labor dispute, without resort to threats, force, intimidation, fraud or other unlawful means is a proper exercise of the right of free speech and peaceable assemblage. *Roth* v. *Local Union No. 1460 of Retail Clerks Union* (1940), 216 Ind. 363, 24 N. E. 2d 280; *Vonderschmitt* v. *McGuire* (1935), 100 Ind. App. 632, 195 N. E. 585.

Temporary injunction dissolved.

NOTE.—Reported in 123 N. E. 2d 468.