LOCAL UNION NO. 135, ETC. *v.* MERCHANDISE
WAREHOUSE COMPANY, INC.

[No. 29,550. Filed June 26, 1959. Rehearing denied
November 30, 1959.]

*Edward J. Fillenwarth* and *Gregg, Fillion, Fillenwarth & Hughes,* of Indianapolis, for appellants.

*Donald C. Duck, William E. Roberts,* and *Cadick, Burns, Duck & Neighbours,* of counsel, all of Indianapolis, for appellee.

ACHOR, C. J.—This is an appeal from a final decree which adjudged appellants guilty of a civil contempt for

having violated a temporary injunction, which injunction had previously enjoined appellants from picketing appellee's premises.

In answer to appellee's information for contempt, appellants filed an answer which stated facts by reason of which the picketing as then conducted was lawful and not in violation of the injunction previously issued. These paragraphs of appellants' answer were stricken by the court on motion of appellee on the ground that the injunction prohibited *all* picketing and therefore the subject matter of the stricken paragraphs could not constitute a defense to the action.

The error here presented and argued on appeal is that the court erred in striking these paragraphs of appellants' answer.

Since the present action is grounded upon the prior judgment for temporary injunction an understanding of that case is necessary. The decree in that case was as follows:

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court, that the defendants, Local Union #135, Affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, A. F. L., and the members thereof, separately and severally, Gene Sans Souci, President of Local Union #135, James Burrello, William Schlott and Harry Belmore, their agents and representatives, should be, and hereby are, each enjoined [1] from continuing and maintaining the picket line now existing at Merchandise Warehouse Company, Inc.'s Warehouse, at 1414 South West Street in the City of Indianapolis, Marion County, Indiana, and the property and premises adjacent thereto used by and useful to plaintiff in connection with the operation of its warehouse operations, and [2] in any other way interfering with, disturbing or molesting plaintiff herein and its employees and incoming drivers, from using said warehouse at 1414 South West

Street, the facilities and properties adjacent thereto in the manner required and necessary in the conduct of their warehouse operation, until further order of this Court.

An analysis of the decree discloses that it is in two parts. In the first, appellants were "enjoined from continuing and maintaining the *picket line now existing* at Merchandise Warehouse Company, Inc.'s Warehouse." (Our italics.) The second part enjoined appellants from "*in any other way* interfering with, disturbing or molesting plaintiff [appellee] herein and its employees and incoming drivers, from using said warehouse . . . in the conduct of their warehouse operation, until further order of this Court." (Our italics.)

The basic question which must be determined is: what, in fact, did the decree enjoin? In construing a decree it is the duty of this court, if possible, to ■ give it that construction which sustains its validity. *Ayres* v. *Smith* (1949), 227 Ind. 82, 92, 84 N. E. 2d 185; *State ex rel.* v. *Board, etc.* (1906), 166 Ind. 162, 203, 76 N. E. 986; *In re Summers* (1922), 79 Ind. App. 108, 113, 137 N. E. 291; 2 I. L. E., *Appeals*, §§511, 534, pp. 406, 454; 17 I. L. E., *Judgments*, §321, p. 374. Since the decree does not specifically describe the type of picketing prohibited, but merely describes such picketing as the "picket line now existing" therefore to determine the type of picketing prohibited we must look to the findings of fact. Generally these findings disclose that there was no labor dispute between appellee and appellants and on the basis of the finding the court concluded that "the picket line now [then] existing" was fraudulent. See *Local Union 135, etc.* v. *Mdse. Whse. Co., Inc.* (1956), 127 Ind. App. 57, 132 N. E. 2d 715.

Since peaceful picketing lawfully conducted could

not be enjoined[1] and since the decree is susceptible to the following construction, we conclude that this ■ first portion of the decree prohibited only picketing which misrepresented the facts, as was true of "the picket line now existing" and that the decree did not prohibit picketing peacefully and otherwise lawfully conducted.

By the same logic the latter part of the decree, which prohibited appellants from *"in any other way* interfering with, disturbing or molesting plaintiff [appellee]" (our italics) in the use of its warehouse, must be construed to prohibit *other* unspecified acts, that is other than by a picket line, which would interfere with appellee's use of its property. This second provision of the decree can be so construed. And since so construed its validity can be sustained, but could not be sustained if construed as prohibiting all picketing, therefore the construction above stated which sustains its validity, is adopted.

In summary, upon this issue, we conclude that the decree prohibited appellants from maintaining the

---

1. 29 U. S. C., §§163, 178; §40-501, *et seq.,* Burns' 1952 Repl. [Acts 1933, ch. 12, §1, p. 28.]

In the recent case of *International Brotherhood of Teamsters, Local 695, A. F. L. et al.* v. *Vogt, Inc.* (1957), 354 U. S. 284, 77 S. Ct. 1166, 1 L. Ed. (2d) 1347-1354, the following is stated: ". . . State courts, no more than state legislatures, can enact blanket prohibitions against picketing . . ." And in the case of *Weber et al.* v. *Anheuser-Busch, Inc.* (1955), 348 U. S. 468-482, 75 S. Ct. 480, 99 L. Ed. 546-558, the Supreme Court of the United States concluded a decision holding an injunctive order was invalid by stating: "In any event, the state injunction enjoined all picketing. Reversed and remanded." Also, in the case of *Bartenders, etc., Union* v. *Clark Restaurants* (1951), 122 Ind. App. 165, 174, 102 N. E. 2d 220, 224, the Appellate Court has stated the law as follows: ". . . The injunction did not and could not affect the legal rights of appellant to picket appellee's business for any lawful purpose now or in the future."

See also *Hotel Employees Union, Local 255 et al.* v. *Sax Enterprises* (1959), — U. S. —, 3 L. Ed. 2d 289, 79 S. Ct. —; *Murring, etc., et al.* v. *Cook Bros. Dairy, Inc.* (1956), 127 Ind. App. 23, 29, 138 N. E. 2d 907, 910.

picket line then existing, which fraudulently represented the facts regarding the circumstances under which the picketing line then existed, and from doing any other acts, other than picketing, which interfered with the operation of appellee's business. The decree could not and did not, as contended by appellee, enjoin all picketing.

We next consider whether, under the decree of injunction, and in defense of the information for contempt thereof, appellants were entitled to specifically plead and prove that the picketing as currently conducted was outside the prohibition of the injunction. The law upon this subject is well established as follows:

"While a direct contempt, being punishable summarily, is triable without the filing of an answer, unless the judge has no personal knowledge of the matter, a defendant charged with constructive contempt has a right to file an answer to the charges, and he is entitled to a reasonable opportunity to answer and defend." 17 C. J. S., §83, p. 106.

". . . The defendant may interpose an unverified answer, to which the accuser may make a reply.

"Contrary to the practice in cases of indirect criminal contempt, the defendant's answer, even if verified, is not conclusive, and the court may hear evidence introduced by either party." 6 I. L. E., *Contempt*, §25, p. 27.

The appellee, having failed to allege facts which specifically brought appellants' conduct within the prohibition of the injunction, it was error for the court to strike rhetorical paragraphs 6 to 16, inclusive, of legal paragraph two from appellants' answer, by which appellants attempted to affirmatively plead facts by which to prove that their conduct was not within the purview of the prohibition.

Judgment is therefore reversed and the court is ordered to reinstate paragraphs 6 to 16, inclusive, of legal paragraph two of appellants' answer.

Judgment reversed.

Arterburn, J., concurs.

Landis, J., concurs in the result.

Bobbitt, J., concurs in part and dissents in part with opinion.

Jackson, J., not participating.

## CONCURRING AND DISSENTING OPINION

BOBBITT, J.—I concur in that part of the majority opinion which holds that it was error to strike rhetorical paragraphs 6 to 16, inclusive, of paragraph two of appellants' answer.

However, I dissent from the remainder of the opinion for the reason that the question pertaining to the validity of the judgment for a temporary injunction was considered and determined by the Appellate Court in *Local Union 135 etc.* v. *Mdse. Whse. Co.* (1956), 127 Ind. App. 57, 132 N. E. 2d 715,[1] and that decision is now the law of the case. *Stevens* v. *Templeton* (1910), 174 Ind. 129, 131, 91 N. E. 563; *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596, 603, 103 N. E. 652; *Egbert* v. *Egbert et al.* (1956), 235 Ind. 405, 132 N. E. 2d 910, 914; 2 I. L. E., Appeals, §478, p. 372.

NOTE.—Reported in 159 N. E. 2d 388.

---

1. See: Dissenting opinion of Judge Bowen, 127 Ind. App., page 67, 132 N. E. 2d, page 720, for a full discussion of this question.